1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| BOFI FEDERAL BANK, a federally chartered banking institution,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCE FUNDING, LLC, KIRK A. TOVEY, individually and as trustee of the KIRK A. TOVEY REVOCABLE TRUST, and SETTLEMENT COLLECTION SERVICE, LLC.<br><br>Defendants. | No.<br><br>COMPLAINT FOR TORTIOUS INTERFERENCE WITH CONTRACT, UNJUST ENRICHMENT, DECLARATORY RELIEF AND JURY DEMAND |

COMES NOW Plaintiff, BOFI FEDERAL BANK, by and through its attorneys, Kathleen Nelson of Lewis Brisbois Bisgaard & Smith, and complains and alleges against the above named defendants as follows:

## I.     PARTIES

1.1     Plaintiff BofI Federal Bank ("BofI") is a federally chartered banking institution with its principal place of business located at 4350 La Jolla Village Drive, Suite 140, San Diego, CA 92122.

1.2     Upon information and belief, Defendant Advance Funding, LLC ("Advance Funding") is a New York registered limited liability company engaged in the business of

COMPLAINT 1

1  purchasing state lottery prize payments from state lottery winners, with its principal place of

2  business located at 48 Wall Street, 11ᵗʰ Floor, New York, New York, 10005.

3      1.3    Upon information and belief, Defendant Kirk A. Tovey is an individual who

4  resides in Jacksonville Beach, Florida and is trustee of the Kirk A. Tovey Revocable Trust, which

5  is the assignee of record of Advance Funding's rights under a certain Lottery Prize Assignment

6  Agreement, between Sheena Venzant ("Venzant") and Advance Funding, dated May 17, 2013,

7  and the assignee of record to the lottery prize payments described in paragraph 3.10.

8      1.4    Upon information and belief, Defendant Settlement Collection Service, LLC

9  ("Settlement Collection") is the current owner of that certain Reliastar Life Insurance Company

10  life insurance policy, measuring the life of Sheena Venzant, and bearing policy number

11  AD20532551.  Upon information and belief, Settlement Collection is a Florida registered limited

12  liability company with principal place of business located at 3333 Atlantic Blvd., Jacksonville, FL

13  32207.

14      II.    **JURISDICTION AND VENUE**

15      2.1    This Court has jurisdiction over the subject matter of this lawsuit and of the parties

16  hereto pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the

17  matter in controversy exceeds the sum of $75,000.

18      2.2    Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 as the events

19  giving rise to this action occurred in the counties served by the United States District Court for the

20  Western District of Washington.

21      III.    **RELEVANT FACTS**

22      3.1    On or about November 16, 2011, Venzant won $1,000 a week for life in the

23  Washington State Lucky for Life Lottery Drawing ("Washington Lottery"), payable in annual

24  installment payments in the amount of Fifty-Two Thousand Dollars ($52,000.00) each for the rest

25  of her life (the "Installments").

26      3.2    On or about March 7, 2012, Venzant entered into a written Lottery Payment

27  Assignment Agreement with BofI (the "BofI Agreement"), whereby Venzant agreed to and did

COMPLAINT 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1  assign to BofI the right to accept and purchase a portion of certain of the Installments. A Terms

2  Rider was attached to the BofI Agreement, detailing the assigned payments of Fifty-Two

3  Thousand Dollars ($52,000.00) in nineteen (19) annual payments, commencing on November 16,

4  2012 and continuing until November 16, 2030.

5          3.3     That same day, Venzant and BofI executed a Life Contingent Payment Addendum

6  ("Addendum"), which modified the assigned payments to twenty-five (25) annual payments in the

7  amount of Forty-Seven Thousand Dollars ($47,000.00) each, commencing November 16, 2012

8  and continuing until November 16, 2036, and clarified that the lottery winnings were payable in

9  life contingent annual installments.

10         3.4     Additionally, in the Addendum, BofI and Venzant acknowledged that a policy of

11  life insurance was necessary in order to protect BofI in the event of Venzant's demise prior to

12  BofI's collection of all installments purchased.  Venzant further acknowledged and agreed that

13  BofI would be the owner and sole beneficiary of the life insurance policy, and disclaimed and

14  waived any rights to the policy or to the proceeds thereof.

15         3.5     On or about March 9, 2012 and March 14, 2012, pursuant to the Uniform

16  Commercial Code, Revised Article 9, Plaintiff BofI caused to be filed a Uniform Commercial

17  Code Financing Statement and Uniform Commercial Code Financing Statement Amendment,

18  respectively, thereby providing public notice of the BofI Agreement.

19         3.6     Shortly thereafter, in furtherance of the BofI Agreement and Addendum, BofI

20  introduced Venzant to insurance brokerage firm, The Meltzer Group, so that she may obtain a life

21  insurance policy.

22         3.7     On or about June 20, 2012, Reliastar Life Insurance Company issued to Venzant

23  life insurance policy number AD20532551, which measured the life of Venzant and listed Venzant

24  as the owner of the policy (the "Policy").

25         3.8     The Policy featured a two-year contestability period.  Venzant agreed that BofI

26  would file a petition seeking approval of the BofI Agreement after the expiration of the

27  contestability period.

COMPLAINT 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

3.9    During the contestability period, BofI provided Venzant several advances.  In total, BofI advanced to Venzant the sum of $15,000.

3.10   Without BofI's knowledge and notwithstanding the valid contract between BofI and Venzant, on or about May 17, 2013, Venzant and Advance Funding entered into a Lottery Prize Assignment Agreement, wherein Venzant assigned to Advance Funding the vast majority of the same payments that she had already assigned to BofI, to wit, twenty (20) annual payments in the amount of Fifty Thousand Dollars ($50,000) each, commencing on November 16, 2013 and continuing until November 16, 2032 (the "AF Agreement").

3.11   Shortly thereafter, without providing notice to BofI even though BofI was clearly an indispensable party under CR 19 given that BofI, pursuant to the BofI Agreement, had an interest in the vast majority of the payments Advance Funding was seeking to purchase from Venzant, Advance Funding filed a petition in the Superior Court of Washington in Thurston County seeking approval of the assignment in the AF Agreement (the "Transfer Action").

3.12   On or about June 14, 2013, without BofI's knowledge and notwithstanding the valid contract between BofI and Venzant, an Order Granting Petition and Approving Lottery Prize Assignment was filed, which granted the AF Petition, and allowed Advance Funding to further assign the payments to the Kirk A. Tovey Revocable Trust (the "Court Order"). Indeed, upon information and belief, the Court was intentionally never apprised by Advance Funding of BofI's rights and interests to the vast majority of the payments Advance Funding was seeking to purchase from Venzant.

3.13   At or around this time, upon information and belief, Venzant changed the owner of the Policy to Settlement Collection, despite having no legal or other rights to the Policy given that she acknowledged and agreed that BofI was the owner and sole beneficiary of the Policy, and disclaimed and waived any rights to the Policy or to the proceeds thereof.

## IV.    COUNT 1 – TORTIOUS INTERFERENCE WITH CONTRACT

4.1    BofI incorporates by reference each and every paragraph above as if fully set forth herein.

COMPLAINT 4

1    4.2    BofI had a valid and enforceable contractual relationship with Venzant, as set forth

2  in the BofI Agreement and the Addendum and as provided under Washington law.  Pursuant to

3  RCW §67.70.100, Venzant had no right of cancellation of the BofI Agreement.

4    4.3    The Defendants knew, or should have known, through diligent business practices,

5  oral and/or written notification, constructive notification of public filing of a Uniform Commercial

6  Code financing statement, or from Uniform Commercial Code searches, that BofI had a valid and

7  enforceable contractual relationship with Venzant.  Indeed, Advance Funding is actively engaged

8  in purchasing lottery payments in Washington, pursuant to RCW §67.70.100, and the Defendants

9  have collectively filed hundreds of Uniform Commercial Code financing statements, thereby

10 confirming that knowledge is properly imputed to the Defendants.

11   4.4    The Defendants intentionally, willfully and improperly interfered with the

12 contractual relationship between BofI and Venzant for the purpose of inducing Venzant to breach

13 the contractual obligations contained in the BofI Agreement and the Addendum and to enter into

14 an agreement with Advance Funding.

15   4.5    The Defendants' intentional and willful interference with the BofI Agreement was

16 without privilege.

17   4.6    The Defendants' intentional and willful interference with the BofI Agreement was

18 solely for their economic benefit.

19   4.7    The Defendants' tortious interference with BofI's contractual relationship was done

20 with actual malice toward BofI and/or amounted to a willful and wanton disregard for BofI's

21 rights, and was improper in motive.

22   4.8    The Defendants' illegal, intentional and malicious conduct induced Venzant to

23 breach her obligations under the BofI Agreement and the Addendum and to enter into an

24 agreement with Advance Funding solely for their economic benefit.

25   4.9    The Defendants' conduct caused BofI to suffer damages, including monetary

26 damages well in excess of Seventy-Five Thousand Dollars ($75,000), for which the Defendants

27 are liable.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

## V.     COUNT II - UNJUST ENRICHMENT

5.1     BofI incorporates by reference each and every paragraph above as if fully set forth herein.

5.2     The AF Agreement, the Court Order, the assignment of payments from Venzant to Advance Funding and then to the Kirk A. Tovey Revocable Trust, the transfer of ownership in the Policy and the above-described course of conduct of the Defendants conferred a benefit on the Defendants.

5.3     The Defendants knew they were receiving value from the AF Agreement, the Court Order, the assignment of payments from Venzant to Advance Funding and then to the Kirk A. Tovey Revocable Trust, the transfer of ownership in the Policy and their above-described course of conduct.

5.4     The Defendants knew, or should have known, through diligent business practices, oral and/or written notification, constructive notification of public filing of a Uniform Commercial Code financing statement, or from Uniform Commercial Code searches, that the vast majority of the value they received belonged to BofI, as the BofI Agreement and Addendum covered the vast majority of the same payments that Venzant assigned to Advance Funding. Indeed, Advance Funding is actively engaged in purchasing lottery payments in Washington, pursuant to RCW §67.70.100, and the Defendants have collectively filed hundreds of Uniform Commercial Code financing statements, thereby confirming that knowledge is properly imputed to the Defendants.

5.5     By reason of the foregoing, the Defendants have been unjustly enriched at BofI's expense.

5.6     The circumstances make it unjust for Defendants to retain the benefits conferred upon them without payment to the party unjustly enriched.

5.6     As the party unjustly enriched, the Defendants are equitably obligated to compensate BofI for the improper benefits they received.

## VI.     COUNT III - DECLARATORY RELIEF

6.1     An actual controversy exists between BofI and the Defendants as to the ownership

COMPLAINT 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1  and the beneficial interest in the Policy, given that Venzant had no legal or other right to transfer

2  ownership of the Policy and/or change the beneficiary since she acknowledged and agreed that

3  BofI was the owner and sole beneficiary of the Policy, and disclaimed and waived any rights to the

4  Policy or to the proceeds thereof.

5       6.2    An actual controversy also exists between BofI and the Defendants as to the

6  validity of the Court Order given the fact that (i) Venzant had already sold to BofI, pursuant to the

7  BofI Agreement, the vast majority of the payments Advance Funding was seeking to purchase

8  from Venzant; and (ii) Advance Funding did not provide notice of the Transfer Action to BofI

9  even though BofI was clearly an indispensable party under CR 19.

10       6.2    BofI is entitled to a declaratory judgment from this Court setting forth and

11  decreeing (i) that it is the rightful owner and beneficiary of the Policy, and (ii) that the Court Order

12  is invalid, and therefore, should be vacated and set aside.

**VII.    JURY DEMAND**

14       7.1    BofI hereby requests a jury for the trial of this matter pursuant to Fed. R. Civ. P. 38

15  and CR 38.

**VIII.    PRAYER FOR RELIEF**

17       8.1    Plaintiff prays for money damages from the Defendants for tortious interference

18  with a contract.

19       8.2    Plaintiff prays for money damages from Defendants for the improper benefits

20  received through unjust enrichment.

21       8. 3    Plaintiff prays for declaratory relief consistent with the pleadings herein, including

22  but not limited to, a declaration that BofI is the owner and beneficiary of the Policy, and a

23  declaration that the Court Order is invalid and should be vacated and set aside.

24       8.4    Plaintiff prays for prejudgment interest at the highest allowable rate on all

25  liquidated amounts.

26       8.5    Plaintiff prays for attorneys' fees, and costs and expenses.

27       8.6    Plaintiff prays for any other and further relief as the Court deems just and equitable.

1

2    DATED this 2nd day of April, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                                By: _____

5                                                    Kathleen  A. Nelson, WA Bar No.
                                                     2101 Fourth Avenue, Suite 700
6                                                    Seattle, Washington 98121
                                                     Attorneys for Plaintiff BofI Federral Bank
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT 8