UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOFI FEDERAL BANK, | )<br>) |
| Plaintiff, | ) CASE NO.   14-CV-00484-BJR<br>) |
| v. | )<br>) ORDER GRANTING DEFENDANTS'<br>) MOTION FOR SUMMARY JUDGMENT |
| ADVANCE FUNDING LLC, *et al.*, | )<br>) |
| Defendants. | ) |

Defendants Advance Funding LLC, et al. ("Advance") bring this motion for summary judgment, seeking dismissal of Plaintiff BOFI Federal Bank's ("BOFI") claims for unjust enrichment and declaratory relief. BOFI opposes the motion with respect to the unjust enrichment claim.[1] After reviewing the briefs and all other relevant material properly before the Court, the Court grants Advance's motion for summary judgment with respect to both claims.

**I.   Background**

A. Factual Background

On November 16, 2011, Sheena Venzant won the Washington State "Lucky for Life" lottery drawing, which entitled her to receive either $52,000 annually for the rest of her life or a lump sum payment of $750,000. (Doc. No. 30, Decl. of Sheena Venzant, ¶ 2). Venzant elected to receive $52,000 annually from Washington State. (Doc. No. 39, Decl. of Daniel Hefner).

After Venzant won the lottery, several companies—including BOFI and Advance—contacted her with offers to provide her with a lump sum amount in exchange for an assignment

---

[1] BOFI does not oppose the motion with respect to the declaratory relief claim and has seemingly conceded that this claim fails.

1

of her right to future annual lottery payments. (Venzant Decl. ¶ 4). On March 7, 2012, Venzant entered into an agreement with BOFI to assign twenty-five annual payments of $47,000 each to BOFI in return for a lump sum payment of $318,401.75.[2]

On March 9, 2012, and March 14, 2012, BOFI filed a UCC Financing Statement and Financing Statement Amendment, respectively, providing public notice of the BOFI agreement. (Hefner Decl., Exs. G and H). Between March 7, 2012, and October 12, 2012, FOFI paid Venzant a total of $15,750.00 as "advances." (Hefner Decl. at para 16). However, the parties' agreement provided that the lump sum payment would not be made until certain conditions precedent were satisfied.

Chief among these conditions precedent was Venzant obtaining a life insurance policy under which BOFI could receive benefits in the event Venzant died before the twenty-five payments were made. On June 14, 2012, Venzant obtained a life insurance policy. The policy contained two limitation provisions;[3] these provisions might have barred BOFI from receiving life insurance benefits in the event Venzant died within the first two years of the policy. (Hefner Decl., Ex. I at 9). Therefore, according to BOFI, it had to wait two years before paying Venzant the lump sum. (Hefner Decl. ¶ 12).

Advance asserts that Venzant became "frustrated" by this delay and decided to enter into a similar deal with another company. (Venzant Decl. at paras. 4-5). According to Advance, Venzant sent BOFI a letter, indicating that she wanted to cancel the parties' agreement. BOFI strenuously denies receiving such a letter and asserts that it did not know about the cancellation

---

[2] The first payment to BOFI was due on November 16, 2012. BOFI agreed to provide Venzant with the lump sum no later than three business days after certain conditions precedent were satisfied. (Hefner Decl., Ex. C).

[3] An incontestability provision and a suicide exclusion provision.

until February 2014.[4]  BOFI also asserts that Advance reached out to Venzant in an attempt to have her assign the lottery payments to it, even though it should have known about BOFI's agreement with Venzant through the UCC notice statements.  Venzant and Advance entered into their agreement on May 17, 2013.

B. Procedural Background

On April 28, 2015, this Court granted Advance's Motion for Partial Summary Judgment, dismissing BOFI's claim of tortious interference on the grounds that the underlying agreement was unenforceable for public policy reasons.  The Court found that a Washington statute regulating assignment of lottery winnings—RCW § 67.70.100—was designed to promote the public policy of protecting lottery winners by requiring court approval of assignments before they become enforceable.  Since the agreement between BOFI and Venzant was not approved by any court, it was not an enforceable contract and, therefore, could not be used as the basis for a tortious interference with contract claim.

On July 10, 2015, Advance filed the instant Motion for Summary Judgment, moving to dismiss BOFI's remaining claims of unjust enrichment and declaratory judgment.

## II. Standard of Review

Motions for summary judgment are considered pursuant to Federal Rule of Civil Procedure 56.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court "should review all

---

[4] As this is a motion for summary judgment, the Court must construe the facts in the light most favorable to BOFI.

of the evidence in the record . . . [and] draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Analysis of the Unjust Enrichment Claim

Under Washington State law,[5] a plaintiff alleging unjust enrichment must demonstrate that a right or benefit properly belonging to the plaintiff was conferred upon the defendant. *See, e.g., Northwest Airlines, Inc. v. Ticket Exchange, Inc.*, 793 F.Supp. 976 (W.D. Wash. 1992) (unjust enrichment where defendant brokered plaintiff's frequent flyer tickets to third parties).[6]

BOFI asserts that it has satisfied the "conferred-a-benefit-upon" requirement because it lost the benefit of the agreement that Advance is now receiving. Advance counters that this allegation is insufficient. According to Advance, BOFI must demonstrate that Advance received a benefit or right *to which BOFI was entitled*. Advance's contention is correct. The core of unjust enrichment is the notion that a defendant has received a right or benefit that *belonged to the plaintiff*. *Young v. Young*, 164 Wash. 2d 477, 484 (2008) (the received benefit is at the "plaintiff's expense"); *Alvardo v. Microsoft Corp.*, 2010 WL 715455 (W.D. Wash. Feb. 22, 2010) (plaintiff could state a claim where licensing fees originally *paid by* plaintiff flowed through third party to defendant); *Northwest Airlines, Inc.*, 793 F.Supp at 979 (unjust enrichment where plaintiff "arguably . . . entitled" to benefit received by defendant). Here, however, BOFI never actually possessed a right to these benefits and could not have given or lost them to Advance. Instead, BOFI had an inchoate

---

[5] For the purposes of this motion, the parties agree that Washington law applies.

[6] The fact that the benefits were transferred from a third party, i.e. indirectly, to the defendant is immaterial, so long as the benefits transferred from the third party *belonged to the plaintiff*.

right based on unenforceable agreement and, therefore, owned nothing it could confer upon Advance.

Moreover, allowing BOFI to state a claim for unjust enrichment in these circumstances would effectively nullify the public policy concerns animating this Court's previous order. In order for BOFI to survive summary judgment, there must be a genuine dispute of fact as to whether BOFI is entitled to the benefits of the agreement, i.e. that Venzant was obligated to assign the benefits to BOFI. However, the Court has already found that RCW § 67.70.100, which aims to "protect[] lottery winners by requiring court approval of assignment agreements," proscribes this result. (Doc. No. 42 at 11)("a contract purporting to assign lottery winnings is unenforceable absent court approval"). Since the law of the case clearly prevents BOFI from demonstrating that it was entitled to these benefits, BOFI's claim must fail.

### IV. Conclusion

Having considered the parties' arguments, the relevant case law, and the entire record, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [48] is **GRANTED** with respect to the unjust enrichment claim and **GRANTED** with respect to the claim for declaratory relief.

DATED this 20th day of August, 2015.

_Barbara J. Rothstein_
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE